IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 24, 2018 at Knoxville

**STATE OF TENNESSEE v. MACK TRANSOU**

**Appeal from the Circuit Court for Madison County**
**No. 97-572    Roy B. Morgan, Jr., Judge**

_____

**No. W2018-00157-CCA-R3-CD**

_____

Defendant, Mack Transou, appeals the dismissal of his "Motion for Correction of Clerical Oversight Pursuant to Rule 36" of the Tennessee Rules of Criminal Procedure, in which Defendant alleged his March 1999 judgment of conviction for driving after being declared a habitual motor vehicle offender contained a clerical error because it failed to properly list his pretrial jail credits. Defendant contends on appeal that the trial court erred in denying his motion. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OLGE and J. ROSS DYER, JJ., joined.

Mack Transou, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

In March 1999, Defendant entered a guilty plea to driving after being declared a habitual motor vehicle offender in Madison County Circuit Court case number 97-572 ("the HMVO case"). Defendant was sentenced to a term of two years, which was to be served on Community Corrections following the service of ninety days. The judgment of conviction reflects that Defendant was to receive "credit [for] time already served[.]"

The judgment further states that Defendant had ninety days of "Pretrial Jail Credit" but did not list specific dates for the credit.

Defendant was subsequently incarcerated following a revocation of the two-year sentence in the HMVO case. *State v. Scarborough*, 201 S.W.3d 607, 612 (Tenn. 2006).[1] During intake processing at the prison, Defendant consented to a blood draw. *Id.* After DNA analysis was performed, the results were submitted to CODIS, and Defendant's DNA profile was matched to profiles developed from forensic evidence in two unsolved rape cases. *Id.* Defendant was subsequently charged with aggravated burglary, sexual battery, and two counts of rape. *Id.* at 614. He filed motions to suppress the evidence obtained from the 1999 blood draw taken while he was in prison, which were denied. *Id.* at 612. Following a trial in both rape cases, Defendant was found guilty of the charges, and his convictions were affirmed on direct appeal by this court and by the Tennessee Supreme Court. *Id.* at 611, 614.

Since his convictions in the rape cases, Defendant has filed multiple unsuccessful pleadings and motions, in which he has repeatedly asserted that his DNA profile was unlawfully obtained. *See Mack Transou v. State*, No. W2005-01935-CCA-R3-HC, 2006 WL 561401, at *1 (Tenn. Crim. App. Mar. 7, 2006) (affirming the denial of habeas corpus relief based on Defendant's claims that he received an illegal sentence in the HMVO case and that his rape convictions were obtained "as a result of the illegal action of the Tennessee Department of Correction"), *perm. app. denied* (Tenn. May 30, 2006); *Mack Transou v. State*, No. W2008-02713-CCA-R3-HC, 2009 WL 1956826, at *1, 3 (Tenn. Crim. App. July 9, 2009) (affirming the denial of a second petition for writ of habeas corpus and stating that Defendant's argument that the collection of his DNA was improper or unconstitutional had been previously adjudicated to be without merit), *perm. app. denied* (Tenn. Oct. 26, 2009); *Mack Transou v. State*, No. W2010-01378-CCA-R3-CO, 2011 WL 2176524, at *1, 4 (Tenn. Crim. App. June 1, 2011) (affirming the dismissal of Defendant's petition for writ of certiorari after concluding that Defendant was "clearly attempting to relitigate the same previously determined issues regarding the DNA evidence that the [S]tate used to convict him"), *perm. app. denied* (Tenn. Aug. 25, 2011); *Mack T. Transou v. State*, No. M2010-00652-COA-R3-CV, 2011 WL 6812914, at *1 (Tenn. Ct. App. Dec. 21, 2011) (affirming the dismissal of Defendant's Petition for Writ of Common Law Certiorari or in the Alternative Petition for Declaratory Judgment, wherein Defendant sought relief from "two illegal terms of confinement in the Department of Correction on 'void probation infraction violations'"), *no perm. app. filed*; *Mack Transou v. Dwight Barbee, Warden*, No. W2012-00258-CCA-R3-HC, 2012 WL

---

[1] After granting Defendant's application for further review, the Tennessee Supreme Court consolidated Defendant's direct appeal with the interlocutory appeal of *State v. Bruce Warren Scarborough*.

1813115, at *2 (Tenn. Crim. App. May 17, 2012) (affirming the denial of a third petition for writ of habeas corpus, in which Defendant contended that "the judgments regarding the probation revocation proceedings occurring on the dates of July 29, 1999 and July 17, 2000 were illegal and void" and that the State violated his constitutional rights by subjecting him to DNA testing), *perm. app. denied* (Tenn. Sept. 19, 2012); *Mack Transou v. Jerry Lester, Warden*, No. W2013-00293-CCA-R3-HC, 2013 WL 5745704, at *1, 5 (Tenn. Crim. App. Oct. 21, 2013) (affirming the summary dismissal of a fourth petition for writ of habeas corpus, holding that Defendant's challenges to the "illegal probation confinement" and the DNA analysis raised issues previously litigated), *perm. app. denied* (Tenn. Jan. 14, 2014); *Mack Transou v. Blair Leiback, Warden*, No. M2016-01147-CCA-R3-HC, 2017 WL 2495246, at *1 (Tenn. Crim. App. June 9, 2017) (affirming the denial of a fifth petition for writ of habeas corpus and holding that Defendant was collaterally estopped from relitigating his blood draw claim), *no perm. app. filed*.[2]

On December 8, 2017, Defendant filed the instant "Motion for Correction of Clerical Oversight Pursuant to Rule 36" of the Tennessee Rules of Criminal Procedure ("the Motion") in the HMVO case. In the Motion, Defendant alleged that his judgment in that case failed "to reflect his actual pretrial jail credits." He asserted that he was entitled to jail credit from May 14, 1997 to February 19, 1998 and April 7, 1998 to October 16, 1998. Defendant requested that the trial court "correct his pretrial jail credits on the judgment sheet[.]" Defendant attached as an exhibit to the Motion a second "Motion for Correction of Clerical Oversight Pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure," which appears to have been filed in the trial court on September 3, 1999, by counsel on behalf of Defendant. The record, however, does not contain an order ruling on the 1999 motion.[3] Defendant also attached a document dated October 3, 2000, from Madison County Jail Records Department, which lists the time credited to Defendant by the jail on his sentence in the HMVO case. The State filed a response to the Motion, noting that Defendant's sentence was expired and the case was moot. The State also attached to its response a TOMIS report that suggested Defendant was awarded pretrial jail credit.

On December 20, 2017, the trial court entered an order dismissing the Motion. The trial court stated:

---

[2] In addition to these cases, Defendant raised similar issues in at least one error coram nobis petition, *Mack Transou v. State*, No. W2014-00537-CCA-R3-ECN, 2014 WL 7015747, at *2 (Tenn. Crim. App. Dec. 12, 2014), *perm. app. denied* (Tenn. Feb. 13, 2015), and filed multiple motions to reopen his post-conviction proceedings, *Mack Transou v. State*, No. W2010-01313-CCA-R3-PC, 2011 WL 1220398, at *2 (Tenn. Crim. App. Mar. 31, 2011), *perm. app. denied* (Tenn. July 15, 2011).

[3] We note that the instant motion appears to be a handwritten copy of the 1999 motion.

In this case [Defendant] entered a guilty plea on March 16th[,] 1999. [Defendant] was eventually revoked and sentenced to the Tennessee Department of Correction[] and thereafter was discharged from the Tennessee Department of Correction[] on October 9th[,] 2000 due to the expiration of this sentence. The motion seeking correction of clerical errors awarding jail credits was not filed until December 08, 2017, more than seventeen years after the judgment in this case was complete and finished. The above referenced pleading serves no legitimate function and is moot. Any order from this Court [ ] will in no manner affect any part of [Defendant's] sentence or alter any part of the underlying case. The sentence has long ago been served and finished. The Court's order will have no practical effect on anything in the case.

From this order, Defendant timely appeals.

## Analysis

Defendant contends that the trial court erred in dismissing his Rule 36 motion. He asserts that his judgment of conviction in the HMVO case contains a clerical error in that it does not provide for his pretrial jail credits from May 14, 1997 to February 19, 1998 and April 7, 1998 to October 16, 1998. Defendant contends that, had the pretrial jail credits been properly listed on the judgment and applied, his sentence in the HMVO case would have expired on July 30, 1999, presumably prior to the filing of the probation warrant which ultimately led to the collection of Defendant's DNA while incarcerated. Additionally, Defendant raises various other claims in his brief, attacking the validity of the collection of his DNA. Defendant asserts that "the trial court[,] through its agency the Tenn[essee] Dept. of Correction[,] lack[ed] jurisdiction for consent to collect a DNA sample from his person as a result of . . . the habitual motor offense case no. 97-572[.] [I]t is not written on the judgment." Defendant argues that he was illegally detained on the HMVO sentence, "which [wa]s inherently unfair to the trial proceeding in the rape . . . cases." Defendant also asserts that the State committed a *Brady* violation by failing to produce "jail records and [a] department of correction sentence letter to the habitual motor offense having (3) three release expiration dates[.]" Defendant contends that this court should reverse and "remand this matter back to the trial court for a new trial."[4] The State responds that the issues raised in the Motion have been previously determined and that, in any event, Defendant did not establish a clerical error. We agree with the State.

---

[4] It is not clear from Defendant's brief if he is requesting a new trial in the HMVO case, in the rape cases, or both.

Regarding Defendant's claim that the HMVO judgment contains a clerical error because it fails to include the proper pretrial jail credit, Tennessee Rule of Criminal Procedure 36 states that, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. A clerical error arises "simply from a clerical mistake in filling out the uniform judgment document." *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011). Our supreme court has explained that, "[w]here a trial court fails, by reason of clerical mistake, oversight, or omission, to record a defendant's sentence accurately on a judgment, the trial court maintains the power to correct the clerical error under Rule 36." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). To determine whether the judgment contains a clerical error, "a court ordinarily must compare the judgment with the transcript of the trial court's oral statements," which is controlling. *Id.* This court has stated previously that, to obtain relief under Rule 36:

> [T]he record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

*State v. Hobert Dean Davis*, No. E2000-02879-CCA-R3-CD, 2002 WL 340597, at *3 (Tenn. Crim. App. Mar. 4, 2002) (alternation in original) (quoting *State v. Jack Lee Thomas, Jr.*, No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995)), *no perm. app. filed*.

Although the trial court concluded that the issues raised in the Motion were moot due to the expiration of Defendant's sentence in the HMVO case, we note that Rule 36 does apply to expired sentences. *See Brown*, 479 S.W.3d at 213. Defendant, however, did not establish that a clerical error exists in the judgment in this case. While the record contains a copy of the HMVO judgment, it does not contain a transcript of Defendant's guilty plea submission hearing or any other papers filed in connection with the guilty plea showing that the judgment was not correctly entered. Without this information, Defendant failed to establish a clerical error in the judgment, and the trial court properly denied relief under Rule 36.

While Defendant couches his claim as one seeking correction of his pretrial jail credit, "the gist" of his claim is that his "sentence for the original felony conviction for driving after having been declared a habitual offender had expired before his DNA was

taken by the Tennessee Department of Correction[.]" *Mack Transou*, 2011 WL 2176524, at \*3. Defendant has claimed repeatedly in prior filings and appeals that his probation revocation was unlawful because his sentence had already expired, and this court has previously warned Defendant that "[c]ontinued filing with a slight modification of his argument will not result in a different conclusion." *Mack Transou*, 2013 WL 5745704, at \*5. Moreover, the legality of the collection of Defendant's DNA has been litigated extensively with our supreme court determining that Defendant gave his valid consent to the blood draw and its subsequent analysis. *Scarborough*, 201 S.W.3d at 622-23. Based on this, we conclude that the issues raised by the Motion regarding the expiration of the HMVO sentence, the legality of the revocation of probation on the HMVO sentence, and the lawfulness of Defendant's blood draw are previously determined. *See* Tenn. Code Ann. § 40-30-106(h) (stating that "[a] ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing"). Accordingly, these issues are not properly before this court. *See Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001). Defendant is not entitled to relief.

## Conclusion

For the aforementioned reasons, the judgment of the trial court dismissing the Rule 36 motion is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE